# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | SA CV 20-00033-JGB (SK) |
| Date | January 31, 2020 |
| Title | Jose Fernandez Lopez v. Rosemay Ndoh |

Present: The Honorable   Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On January 7, 2020, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2007 convictions for burglary, forcible sodomy, forcible sexual penetration, and rape. (ECF 1 at 13). As grounds for habeas relief, Petitioner appears to assert a Fourth Amendment claim based on the admission of DNA evidence, ineffective assistance of trial counsel, and an actual innocence claim. (*Id.* at 5-6). On its face, though, the petition is subject to summary dismissal for at least two reasons.

First, Petitioner did not exhaust his claims in California state court. The Court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, Petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To fairly present a federal claim, Petitioner must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 (1995) (per curiam). Here, Petitioner's claims are—by his own admission—unexhausted. (*See* ECF 1 at 6).

Second, even if Petitioner could return to the California state courts to exhaust his claims, relief would still be unavailable because the petition is untimely by more than eight years. To be timely, the petition must be filed within one year from the date on which the conviction became final unless tolling applies. *See* 28 U.S.C. § 2244 (d)(1)(A). Petitioner's conviction became final in September 2010, 90 days after the California Supreme Court denied his petition for review. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). From then, Petitioner had one year—until September 2011—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Yet his petition was not filed until January 2020. And no statutory tolling appears available because Petitioner did not file his first habeas petition until August 2019 (ECF 1 at 10)—after the statute of limitations had already expired. *See* 28 U.S.C. § 2244(d)(2); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor does there appear to be a basis for equitable tolling, which is Petitioner's burden to prove. *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 20-00033-JGB (SK) | Date | January 31, 2020 |
|---|---|---|---|
| Title | Jose Fernandez Lopez v. Rosemay Ndoh | | |

  THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **March 1, 2020**, why this action should not be summarily dismissed with prejudice for lack of exhaustion and untimeliness. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Form CV-09. *See* Fed. R. Civ. P. 41(a). **But if Petitioner files no notice of voluntary dismissal or timely response to this order explaining how his claims are exhausted and timely, the Court may also recommend involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

  **IT IS SO ORDERED.**