# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00033-JGB (SK) | Date | March 12, 2020 |
| Title | Jose Fernandez Lopez v. Rosemay Ndoh | | |

Present: The Honorable Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **SECOND ORDER TO SHOW CAUSE**

In January 2020, the Court ordered Petitioner to show cause why his § 2254 habeas petition should not be dismissed for lack of exhaustion and untimeliness. (ECF 4). In response, Petitioner referred to exhibits attached to his petition that he claims prove exhaustion (ECF 5 at 2), even though in the petition itself Petitioner states that his claims are unexhausted (ECF 1 at 5-6). In any case, for purposes of the order the show cause, the Court assumes—without deciding—that the petition is exhausted.[1]

But Petitioner's response to the separate untimeliness issue remains inadequate. It is Petitioner's burden to establish a legitimate basis for equitable tolling. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Yet his assertion that he did not speak English with a reference to *Mendoza v. Carey*, 449 F.3d 1065, 1068-69 (9th Cir. 2006), without more, does not meet that burden. (ECF 5 at 1). A "non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza*, 449 F.3d at 1070. So, to establish even a colorable basis for equitable tolling, Petitioner must show how, despite any language barrier, he made diligent efforts *in the last eight years* to file his petition on time. *See Garcia v. Yates*, 422 Fed. App'x 584, 585 (9th Cir. 2011); *Herrera v. McDowell*, 2019 WL 4195892, at *1 (C.D. Cal. Sept. 3, 2019).

Petitioner also asserts actual innocence to overcome AEDPA's statute of limitations. (ECF 5 at 2). But a showing of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And he "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Petitioner's response presents no "credible claim" of actual innocence, *McQuiggin v. Perkins*,

---

[1] Nothing in this order prevents Respondent from asserting non-exhaustion as an affirmative defense if the petition is ordered served.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00033-JGB (SK) | Date | March 12, 2020 |
|---|---|---|---|
| Title | Jose Fernandez Lopez v. Rosemay Ndoh | | |

569 U.S. 383, 398 (2013), because it identifies no new evidence that would cast doubt on his conviction. Without that, the actual-innocence exemption to the statute of limitations does not apply. *See Pratt v. Filson*, 705 Fed. App'x 523, 525 (9th Cir. 2017); *Williams v. Dexter*, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (dismissing petition as untimely where petitioner "neither presented nor identified any new evidence that could possibly support a claim of actual innocence").

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **April 13, 2020**, why this action should not be dismissed for untimeliness. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Form CV-09. *See* Fed. R. Civ. P. 41(a). **But if Petitioner files no notice of voluntary dismissal or timely response to this order explaining how his claims are timely, the Court may also recommend involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**